UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:10CV24-J

DARLENE STEINBERG                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff filed this action asking the Court " to review a final administrative decision by the Secretary that the Plaintiff is not disabled and not entitled to disability insurance benefits" (Complaint at 1). The matter is now before the Court on the defendant Commissioner's motion to dismiss or for summary judgment. Plaintiff has not responded.

On December 4, 2009, the Appeals Council denied review of the decision of the Administrative Law Judge, thus rendering the decision final and starting the running of the sixty day time period within which review might be sought in this Court. As set out in the notice of the Appeals Council action, the notice is presumed received five days after the date of the notice. Plaintiff has not argued any reason why this presumption is inapplicable in this case. Sixty-five days from December 4, 2009 was February 7, 2010. As that date fell on a Sunday, plaintiff in this case actually had sixty-six days to file, and her challenge would have been timely if it had been filed at any time on or before February 8, 2010. However, the complaint was not filed until late afternoon on February 9. Accordingly, defendant seeks dismissal on grounds of untimeliness.

In <u>Bowen v. City of New York</u>, 476 U.S. 467 (1986), the Court recognized that the sixty

1

day filing requirement set out in 42 U.S.C. Sec. 405(g) is to be treated as a statute of limitations, provided "to move cases to speedy resolution in a bureaucracy that processes millions of cases annually." Id. at 481. The Court reiterated the familiar rule that statutes of limitations are to be strictly construed. Id. at 479.

In this case, the plaintiff has not suggested, either to the Commissioner or to this Court, that there are any special circumstances justifying tolling the running of the limitations period. Indeed, in the face of defendant's motion to dismiss, plaintiff has remained silent. Accordingly, an order of dismissal has this day entered.